IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert D. McPhail,   Case No. 22-cv-02214

    Plaintiff,   Judge James G. Carr

    v.   **ORDER**

Commissioner of Social Security,

    Defendant.

    This is an appeal from the denial of Social Security benefits. On December 7, 2022, Plaintiff, Robert McPhail, filed a Complaint seeking review of Defendant's denial of his application for Disability Insurance Benefits (DIB) corresponding with a Period of Disability (POD). (Doc. 1).

    On November 10, 2021, an Administrative Law Judge (ALJ) issued a written decision finding that the Plaintiff was not disabled. (Doc. 1-2, PageID. 7–30). The decision became final on October 4, 2022 when Defendant's Appeals Council declined further review. (Doc. 1-3, PageID. 36–40).

    Pursuant to Northern District of Ohio Local Rule 72(b) (Automatic Reference) I referred the Complaint to Magistrate Judge Carmen E. Henderson for issuance of a Report & Recommendation (R&R). Judge Henderson filed an R&R on September 27, 2023. (Doc. 27).

    In the R&R, Judge Henderson recommends that I affirm Defendant's decision. The Magistrate Judge duly notified the parties of the deadline for filing objections. On October 11, 2023, Plaintiff filed an Objection to the R&R. (Doc. 18). On December 23, 2023, Defendant responded. (Doc. 20).

On *de novo* review, *see* 28 U.S.C. § 636(b)(1), I find the R&R well-taken in all respects. I overrule Plaintiff's objection, adopt the R&R as the Order of the Court, and affirm the Commissioner's decision.

**Discussion**

Northern District of Ohio Local Rule 72.3(b) states, regarding objections to an R&R: "Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b)… Such party … shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections."

Here, Plaintiff raises the identical issues that he raised before the Magistrate Judge. He challenges the ALJ's application of the correct legal standards and development of the record. Indeed, a side-by-side comparison of Plaintiff's objection and his brief on the merits (Docs. 11, 18) demonstrates that his objection is a cut and paste of his brief, save for some minor changes he made to the order in which his arguments are presented.

This is not a proper objection under Federal Rule of Civil Procedure 72 or the Northern District of Ohio Local Rules. Plaintiff fails to set forth any arguments regarding the Magistrate Judge's analysis in the R&R. In sum, Plaintiff asks that I re-weigh the evidence that he presented to the ALJ, which is not appropriate for me (or the Magistrate Judge) to do. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

The Magistrate Judge thoroughly and directly addressed all of Plaintiff's arguments. I entirely agree with the Magistrate Judge's determination that the Commissioner's decision should be upheld. Accordingly, I overrule Plaintiff's objections, adopt the R&R in full, and affirm the Commissioner's decision.

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Plaintiff's Objection to the Magistrate Judge's R&R (Doc. 18) be, and the same hereby is, overruled;

2. The Magistrate Judge's R&R (Doc. 17) be, and the same hereby is, adopted as an Order of this Court in a manner consistent with this Opinion; and

3. The Commissioner's final decision denying Plaintiff's DIB corresponding with a period of POD be, and the same hereby is, affirmed.

SO ORDERED.

/s/ *James G. Carr*
Sr. U.S. District Judge